UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>ADMINISTAFF, INC.,<br>19001 Crescent Springs Drive<br>Houston, TX 77339-3802<br><br>and<br><br>CONN-X, LLC,<br>3302 Pulaski Hwy.<br>Edgewood, MD 21040<br><br>        Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br>COMPLAINT<br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Scott Jacobson and Joey Jacobson, who were subjected to unlawful religious discrimination. As set forth in more detail below, the Commission alleges that Defendants Administaff, Inc. ("Defendant Administaff") and Conn-X, LLC ("Defendant Conn-X"), joint employers of Scott Jacobson and Joey Jacobson subjected them to a hostile work environment based on their religion, Judaism.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Administaff has continuously been and is now a Texas corporation doing business in the State of Maryland and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Conn-X has continuously been and is now a Florida corporation doing business in the State of Maryland and has continuously had at least fifteen employees.

6. At all relevant times, Defendant Administaff has continuously been and is now an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

7. At all relevant times, Defendant Conn-X has continuously been and is now an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Scott Jacobson filed a charge with the Commission alleging violations of Title VII by Defendant Administaff, and Defendant Conn-X. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least September 2005, Defendant Conn-X and Defendant Administaff ("Defendants"), as joint employers engaged in unlawful employment practices in the State of Maryland in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1). Specifically, Defendants subjected Scott Jacobson and Joey Jacobson to a religiously-based hostile work environment, which included without limitation the following:

  a) subjecting Scott Jacobson and Joey Jacobson to constant name-calling and anti-Semitic slurs, such as "dirty Jew", "stupid Jew", "dumb Jew", and "fu**ing Jew;"

  b) physically abusing Scott Jacobson by pushing him, pouring water on him, throwing him into a dumpster, tying him to a fence; and shooting BBs at him, through air guns and hitting him in the eye;

  c) taping red swastikas on Scott Jacobson's vehicle, and putting a dead mouse on the driver's seat; and

  d) and failing and refusing to the correct the hostile work environment despite Scott Jacobson's and Joey Jacobson's repeated complaints to Defendants.

10. The effect of the practices complained of above has been to deprive Scott Jacobson and Joey Jacobson, of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, Judaism.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of Scott Jacobson and Joey Jacobson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in discrimination and any other employment practice which discriminates on the basis of religion.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for Jewish employees and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Scott Jacobson and Joey Jacobson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Scott Jacobson and Joey Jacobson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendants to make whole Scott Jacobson and Joey Jacobson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, shock, anxiety, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Scott Jacobson and Joey Jacobson punitive damages for their malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.
JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Acting Regional Attorney

_____
REGINA M. ANDREW, Bar No. 07756
Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Flr.
Baltimore, Maryland 21201
(410) 209-2724
Fax: (410) 962-4270

E. Order Defendants to make whole Scott Jacobson and Joey Jacobson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, shock, anxiety, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Scott Jacobson and Joey Jacobson punitive damages for their malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Acting Regional Attorney

_____
REGINA M. ANDREW, Bar No. 07756
Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Flr.
Baltimore, Maryland 21201
(410) 209-2724
Fax: (410) 962-4270