IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff

v.                                                 Civil Case No. L-09-2881

CONN-X, LLC,

    Defendant

o0o
**MEMORANDUM**

## I. Introduction

This is a religious harassment action brought by the Equal Employment Opportunity Commission ("EEOC") on behalf of Scott Jacobson and Joseph Andrew Jacobson, and by the Jacobsons as Intervening Plaintiffs, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Jacobsons are former employees of Defendant Conn-X, LLC. Plaintiffs alleged that Defendant subjected the Jacobsons to a hostile work environment. The Court granted default judgment against Conn-X and awarded compensatory damages to the Jacobsons. Docket No. 42. Two issues now remain: (i) whether the Court should grant the EEOC's request for injunctive relief, and (ii) whether Mr. Feldman, the Jacobsons's counsel, is entitled to attorney's fees.

## II. Injunctive Relief

Title VII gives federal district courts broad authority to order injunctive relief when "the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment

practice." 42 U.S.C. § 2000e-5(g). This authority extends to cases in which the intentional misconduct appears to have ceased. United States v. Gregory, 871 F.2d 1239, 1246 (4th Cir. 1989) ("District courts clearly have the authority and should exercise the power to grant injunctive relief even after apparent discontinuance of unlawful practices."). It also extends to relief that benefits persons other than the plaintiff. Evans v. Harnett Cnty. Bd. Of Educ., 684 F.2d 304, 306 (4th Cir. 1982) ("An injunction warranted by a finding of unlawful discrimination is not prohibited merely because it confers benefits upon individuals who were not plaintiffs or members of a formally certified class.").

In determining whether injunctive relief is warranted, a district court must "exercise its discretion in light of the prophylactic purposes of the Act to ensure that discrimination does not recur." Spencer v. General Elec. Co., 894 F.2d 651, 660 (4th Cir. 1990). "The equitable relief ordinarily available in Title VII workplace harassment cases is an injunction prohibiting further harassment." Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1132 (4th Cir. 1995). In Brady v. Thurston Motor Lines, for instance, the Fourth Circuit found that a decree enjoining employment practices "in the areas in which the court found discrimination" and imposing on the employer "the duty to create nondiscriminatory working conditions" was an appropriate exercise of the district court's authority. 726 F.2d 136, 146–47 (4th Cir. 1984).

Here, the EEOC proposes the following language: "that Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, is permanently enjoined from engaging in religious harassment and any other employment practice which discriminates on the basis of religion." Pl.'s Proposed J. and Order 2, Docket No. 26-5. As in Brady, the relief sought by the EEOC is tailored to the type of discrimination alleged in the Complaint, and is designed to prevent a reoccurrence. Because Conn-X has failed to defend

itself, it is undisputed that the Jacobsons were subjected to a hostile work environment characterized by egregious anti-Semitic abuse. They were called names including "dirty Jew," "stupid Jew," "dumb Jew," and fu**ing Jew," and red swastikas were taped to Scott Jacobson's car. Conn-X acted intentionally in refusing to remedy the religious harassment, despite repeated complaints by the Jacobsons. Compl. ¶ 9, 11, Docket No. 1.

Although the EEOC's proposed injunction is broad, the Court concludes that it is a reasonable and appropriate way to remedy Conn-X's violation of Title VII as well as vindicate the public interest in preventing these kinds of unlawful practices in the future. The EEOC's request for injunctive relief will, therefore, be GRANTED by separate Order of even date.[1]

### III. Attorney's Fees

The Court also has wide latitude in determining whether an award of attorney's fees is warranted in a Title VII case. 42 U.S.C. § 2000e-5(k). In making its determination, the Court has an affirmative obligation to understand the division of labor between the EEOC and counsel for the intervenors. See, e.g., E.E.O.C. v. Nutri/System, Inc., 685 F.Supp. 568, 575 (E.D.Va. 1988) (quoting Furtado v. Bishop, 635 F.2d 915, 922 (1st Cir. 1980)) ("Indeed, where, as here, intervenor's counsel works closely with EEOC's attorneys the time should be discounted unless there is a 'convincing description of the division of labor [accompanying] reports of contemporaneous or identical work performed by several attorneys.'").

To receive an award of attorney's fees, therefore, Mr. Feldman was requested to provide a sufficient basis for the Court to determine that his work was not merely duplicative of the EEOC's. Docket No. 42. Although the EEOC does not maintain time records as a matter of

---

[1] Plaintiffs have alleged that Conn-X itself no longer exists, but has moved its business operations into a newly-formed entity. Pl.'s Memo. in Support of Injunctive Relief 3, Docket No. 43. The extent to which the new entity and its officers and directors are subject to the injunction is a matter that the Court is not called upon to decide at this time.

course, Mr. Feldman and counsel for the EEOC have submitted a joint affidavit. Docket No. 44. The joint affidavit is barebones and includes only one page of text. Nevertheless, the Court interprets the joint affidavit as attesting to two points: First, that the signatory attorneys represent that the total time devoted to this case by Mr. Feldman was reasonable, and, second, that that the work done by Mr. Feldman and the EEOC did not overlap significantly. The Court concludes, therefore, that Mr. Feldman is entitled to attorney's fees in the amount of $37,530.70. See Second Supplemental Aff. of Counsel Fees 3, Docket No. 45-1. The Court will issue a separate Order of even date to this effect.

IV.  **Conclusion**

For the foregoing reasons the Court will, by separate Order of even date, GRANT the EEOC's Request for Injunctive Relief, ORDER an Injunction, and AWARD Mr. Feldman Attorney's Fees in the amount of $37,530.70.

Dated this 8th day of February, 2012.

/s/ Benson Everett Legg
Benson Everett Legg
United States District Judge